# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00379-CV

### In re José Garza, District Attorney, Travis County, Texas

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

On April 24, 2026, Relator José Garza filed a petition for writ of mandamus and emergency motion for stay of trial court proceedings. We granted the motion, temporarily stayed all proceedings pending further order of this Court, and ordered real party in interest Darell Keith Fell to file a response on or before May 11, 2026. We granted an extension to file the response until May 21, and Fell has now filed a response. For the following reasons, we conditionally grant the petition.

### BACKGROUND

A grand jury indicted Fell with multiple counts of sexual abuse of two children. *See* Tex. Penal Code §§ 21.11, 22.021. During the investigation of the alleged offenses, the child complainants participated in five video-recorded forensic interviews at child advocacy centers (CAC video recordings).

Defense counsel filed a motion to permit protected transcription of the CAC video recordings in the district court. They requested that the court permit a court reporter to transcribe

the CAC video recordings and agreed to the entry of a protective order limiting the use of the transcription to the State and members of the defense team. Following a hearing, the district court granted the motion, ordering that: (i) a court reporter mutually agreed upon by the defense and the State "shall be permitted to make a verbatim transcription of the five CAC video recordings," (ii) "[t]he parties shall submit a Protective Order to limit the access of said transcriptions to the Defense and the State," and (iii) "[a]ll parties shall return the transcriptions to the Court following the trial."

Relator filed a motion to reconsider the order of the transcription of the CAC video recordings, but the district court denied the motion. Relator then filed this petition for writ of mandamus challenging the district court's order.

## ANALYSIS

**Standard of Review**

"To be entitled to mandamus relief, the relator must show there is no adequate remedy in law and that the sought-after act is ministerial in nature." *In re State ex rel. Wice*, 668 S.W.3d 662, 671 (Tex. Crim. App. 2023). Relator cannot appeal an interlocutory discovery order and, thus, has no adequate remedy. *See* Tex. Code Crim. Proc. art. 44.01(a) (listing grounds on which State may appeal). We turn then to the second requirement, whether the district court's order involved a ministerial act. "The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought." *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). "A clear right to relief is shown when the facts and circumstances dictate but one rational decision 'under unequivocal, well-settled (i.e., from extant

2

statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *Id.* (quoting *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011)).

**Challenge to District Court's Order**

In his petition to this Court challenging the district court's order, Relator contends that the district court "clearly abused its discretion and violated a ministerial duty by ordering the verbatim transcription of [the CAC video recordings] by a court reporter, where it was not contested that the State had made the [CAC video recordings] reasonably available to the Defendant." Relator's contention is based on Subsection 264.408(d-1) of the Texas Family Code that states:

> An electronic recording of an interview described by Subsection (d) is subject to production under Article 39.14, Code of Criminal Procedure, and Rule 615, Texas Rules of Evidence. A court shall deny any request by a defendant to copy, photograph, duplicate, or otherwise reproduce an electronic recording of an interview described by Subsection (d), provided that the prosecuting attorney makes the electronic recording reasonably available to the defendant in the same manner as property or material may be made available to defendants, attorneys, and expert witnesses under Article 39.15(d), Code of Criminal Procedure.

Tex. Fam. Code § 264.408(d-1); *see id.* § 264.408(d) (stating that electronic recording of interview with child that is made by center is property of prosecuting attorney involved in criminal prosecution of case involving child).

Subsection 264.408(d-1) generally prohibits the court from granting a request by a defendant to copy or reproduce electronic recordings of interviews with children that are made by a center unless the prosecuting attorney has failed to make the recordings reasonably available. *Id.* § 264.408(d-1); *see* Tex. Code Crim. Proc. art. 39.15(d). Property or material is considered to have been made "reasonably available" if, at a facility under the state's control,

"the state provides ample opportunity for the inspection, viewing, and examination of the property or material by the defendant, the defendant's attorney, and any individual the defendant seeks to qualify to provide expert testimony at trial." *See* Tex. Code Crim. Proc. art. 39.15(d).

During the hearing on the defense's motion to permit protected transcription, defense counsel did not dispute Relator's representation that they had been allowed access to the CAC video recordings. *See In re State ex rel. Tharp*, 722 S.W.3d 268, 273 (Tex. App.—Austin 2025, orig. proceeding) (concluding that relator had made video reasonably available when "there is no evidence in the record that Relator has refused any request by counsel to access the video"). Because the record establishes reasonable access, the dispositive question is whether defense counsel's request for the transcription by a court reporter was a "request to copy, photograph, duplicate, or otherwise reproduce" the CAC video recordings. *See* Tex. Fam. Code § 264.408(d-1).

In resolving this question, we are bound by our holding in *In re State ex rel. Tharp*. In that original proceeding, this Court concluded that the trial court's order authorizing a court reporter hired by defense counsel to access the video recording and to transcribe it violated Subsection 264.408(d-1). *See* 722 S.W.3d at 270, 273. We concluded that the language of Subsection 264.408(d-1) was unambiguous and that "a transcript of an electronic video recording of a CAC interview constitutes a copy or reproduction under the plain language of [S]ubsection 264.408(d-1)." *Id.* at 271-72. Thus, we concluded that the trial court's order involved a ministerial act and exceeded its statutory authority, conditionally granted mandamus relief, and directed the trial court to vacate its order. *Id.* at 273.

In contrast with the order at issue in *Tharp* that authorized defense counsel to hire a court reporter, the district court here ordered the parties to agree on the court reporter who

4

would transcribe the CAC video recordings. This factual distinction, however, does not impact the analysis here. Resolution of the dispositive question does not turn on the party who is authorized to hire the court reporter to transcribe the CAC video recordings but on whether transcription of the CAC video recordings would constitute a copy or reproduction under the plain language of Subsection 264.408(d-1).

In his response, Fell concedes "the similarity between the [district] court's order here and the one in *Tharp*" and that if we follow our holding in *Tharp*, the district court's "order would be vacated," but he requests that we revisit our holding in that case. We, however, are bound by our own precedent unless and until it is overruled by this Court sitting en banc or by a higher authority. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256-57 (Tex. 2022) (explaining that intermediate appellate court is bound by own precedent unless and until it is overruled by en-banc court or by higher authority); *Cruz v. State*, 694 S.W.3d 1, 7-8 (Tex. App.—Houston [14th Dist.] 2023) (explaining horizontal stare decisis), *aff'd*, 698 S.W.3d 265 (Tex. Crim. App. 2024).

## CONCLUSION

Bound by our holding in *Tharp,* we conclude that the district court's order involved a ministerial act and exceeded its statutory authority. *See* 722 S.W.3d at 270-73; *see also State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (explaining that mandamus relief is available "to correct judicial action that ignores clear, binding precedent from a court of superior jurisdiction"). Thus, we conditionally grant Relator's petition for writ of mandamus and direct the district court to vacate its order requiring the transcription of the CAC

video recordings. The writ will issue only if the district court fails to act in accordance with this opinion.

_____
Gisela D. Triana, Justice

Before Justices Triana, Kelly, and Ellis
  Concurring Opinion by Justice Ellis

Filed:  June 30, 2026